IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00081-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ANDRE SINCLAIR FULLER,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on Mr. Fuller's Motion to Order the United States Probation Office to Disclose His File to Counsel [Docket No. 20], wherein the defendant requests that the Court order the Probation Office to disclose its file on defendant to his attorney before an upcoming supervised release revocation hearing. The defendant claims that his attorney "must review all information relevant to the allegations, cross-examine the United States Probation Officer who filed the petition, and provide the Court with a complete and mitigating picture of Mr. Fuller's experience on supervision." *Id.* at 1. In support of his request, the defendant cites Federal Rule of Criminal Procedure 32.1(b)(2), which entitles the defendant to "disclosure of the evidence against the person," and the defendant's right to due process at a supervised release revocation hearing. *Id.* at 2.

    The defendant made a request to the Probation Office for "the complete Probation Office file." *See* Docket No. 20-1. By letter dated August 23, 2019, the

Probation Office denied that request, noting that there are other sources of information regarding the allegations of supervised release violations, that complying with the request would be unduly burdensome, and that *United States v. Dingle*, 546 F.2d 1378, 1381 (10th Cir. 1976), holds that information prepared by the Probation Office is entitled to confidentiality in order to protect the free flow of information between the Office and the court.

In his motion, the defendant only addresses the first ground on which the Probation Office denied his request, stating that "Mr. Fuller cannot be expected to remember all the events of his supervision of the last two and half years with the same clarity and detail that the Probation Office's files contain, since they presumably include contemporaneous notes and reports." However, the defendant does not indicate why the detailed allegations in the supervised release violation petition, Docket No. 6, do not fill the same function as the Probation Office's file, namely, putting the defendant on notice of the alleged violations and refreshing his recollection as to the incidents in question.

As to the third ground cited by the Probation Office, defendant fails to explain why *Dingle* does not foreclose his request. In addition, he does not cite any cases that have ordered a Probation Office to produce its file before a revocation hearing. Several courts, however, have denied such requests. *See United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989) (denying defendant's request under Rule 32.1(a)(2)(B) and due process on grounds that the probation file was not used as evidence and defendant had the opportunity to cross-examine the probation officer); *United States v. Gonzalez*, No. 13-cr-00424-WJM, 2016 WL 8458986 (D. Colo. May 18, 2016). The Court agrees

with these cases that a defendant has no right under Rule 32.1(a)(2) or due process to obtain or review the Probation Office file before a revocation hearing.

Finally, the defendant's request is also not specific. He does not explain why he needs the Probation Office file other than to be "fully prepared." Docket No. 20 at 3. As a result, he does not differentiate his request from a fishing expedition to gather any information that may assist him.

Given that the defendant fails to provide any law or factual reason to support the Court ordering the Probation Office to produce its file to him, it is

**ORDERED** that Mr. Fuller's Motion to Order the United States Probation Office to Disclose His File to Counsel [Docket No. 20] is denied.

DATED August 30, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge